# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TERRY RICHARDS,

      Plaintiff,

v.                                                                                                        NO. 11-CV-1033 WJ/CG

LOCKHEED MARTIN CORPORATION,
FLOYD REDFERN, and COLE HARWELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (**doc. 14**), filed December 19, 2012.  Plaintiff seeks to have his case remanded to state court because there is no federal diversity jurisdiction, and also because there are no questions of federal law on the face of his Complaint.  Defendant concedes that diversity jurisdiction does not exist, but argues that the fact that the events in question largely took place on a federal enclave provides the Court with federal question jurisdiction based upon the federal enclave doctrine.

Plaintiff has also requested permission to file an amended complaint, which would contain federal causes of action.  However, that does not affect the current inquiry, because "[i]n determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed.  Jurisdiction is based on the complaint as originally filed and not as amended." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir.1988) (emphasis added).  Therefore the question before the Court is whether federal jurisdiction existed at the time of removal.

Defendant's argument that federal question jurisdicton under § 1331 exists is premised on the federal enclave doctrine. An initial question is whether the White Sands Missile Range is in fact a federal enclave. While Plaintiff makes a perfunctory objection, he makes no real argument that it is not a federal enclave, because there is no credible argument that the White Sands Missile Range is not a federal enclave. Moreover, Defendant has provided the Court with sufficient documentation for the Court to determine, for the preliminary purposes of deciding the Motion to Remand, that White Sands Missile Range is indeed a federal enclave subject to exclusive federal control.

In their argument, Defendants have pointed to several cases, including Tenth Circuit precedent controlling on this Court, for the proposition that federal courts have federal question jurisdiction over cases arising on federal enclaves. Plaintiff cleverly distinguishes some of these cases by pointing out that they involve "federalized" state law. Plaintiff is referring to the legal doctrine that state laws in place when the federal government acquires exclusive control over a federal enclave become by default federal law, so as to avoid any potential gap in the rule of law over the area. *See Pacific Coast Dairy, Inc. v. Dep't of Agriculture of California*, 318 U.S. 285, 294 (1943). Such "federalized" state laws remain in force unless the federal sovereign explicitly changes or rejects them, or unless they conflict with other federal law in force over the enclave. *See id.* Plaintiff argues that the state-law claims in the cases Defendants cite had been federalized, and therefore in reality those cases involved pure federal question jurisdiction, because federalized state-law claims are treated as ordinary federal law. Therefore, Plaintiff argues, there is nothing special about federal enclaves; they simply provide a situation where apparently state-law claims can be federalized, thus invoking federal question jurisdiction.

Plaintiff's attempts to distinguish the case law are not successful.  Article I, § 8, cl. 17 of the United States Constitution gives Congress the power to

> exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

This grant of exclusive legislative authority has led courts to conclude that "United States courts must also have subject matter jurisdiction to adjudicate controversies arising on federal enclaves."  *Blahnik v. BASF Corp.*, 2006 WL 2850113, 3 (S.D. Tex. 2006) (citing *Mater v. Holley*, 200 F.2d 123, 124–25 (5th Cir. 1953); *Reed v. Fina Oil & Chemical Co.*, 995 F.Supp. 705, 713 (E.D. Tex. 1998); *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819, 822 (E.D. Tex. 1994).  The Tenth Circuit agrees with this principle.  *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir.1998) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction."); *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir.1994) (referring to federal enclave jurisdiction as "a form of federal question jurisdiction").

Although the above cases provide little discussion of the matter, Plaintiff's attempts at distinguishing them can be answered by looking more closely at why federal courts must have jurisdiction over cases arising in federal enclaves.  Federal enclaves subject to exclusive federal control are thereby not subject to state regulation.  Therefore, state-law claims that have *not* been federalized, as Plaintiff argues his have not been, simply do not apply on federal enclaves.  Plaintiff characterizes this principle as a *defense* to state-law claims, and argues that even if there is a federal defense to purely state-law claims, that does not suffice to provide federal question

jurisdiction.  However, the doctrine is not a legal defense; it is simply a description of the situation: only federal law applies to federal enclaves.

That is why—contrary to Plaintiff's assertion—federal jurisdiction exists over cases involving federal enclaves: because any case involving a federal enclave must by definition involve a question of federal law.  If a plaintiff does not base his claims upon federal (or federalized) law, then he has not successfully plead a viable claim; the proper action of the court is to dismiss the case, not remand it.  It would be a strange situation if federal courts were powerless to enforce the federal enclave doctrine.

Therefore, Plaintiff puts forward no sufficient reason why controlling precedent does not apply to this case, and this Court must follow the established principle that federal question jurisdiction exists over cases arising on a federal enclave.  Accordingly, Plaintiff's Motion to Remand is hereby **DENIED**.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE