## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

TERRY RICHARDS,

        Plaintiff,

v.                                                                                    NO. 11-CV-1033 WJ/CG

LOCKHEED MARTIN CORPORATION,
FLOYD REDFERN, and COLE HARWELL,

        Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Based on Federal Enclave Doctrine (**doc. 3**), filed November 23, 2011, and Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint (**doc. 8**), filed December 6, 2011.  Defendants argue that Plaintiff's state law claims must be dismissed pursuant to the federal enclave doctrine, and Plaintiff seeks leave to add federal claims to his Complaint.  For the reasons contained herein, the Court GRANTS Plaintiffs motion in part, allowing Plaintiff to file an Amended Complaint containing only claims based in federal law; the Court also GRANTS Defendants' motion, dismissing all state law claims from Plaintiff's Complaint.

### BACKGROUND

Plaintiff Terry Richards was employed by Defendant Lockheed Martin Corporation on White Sands Missile Range, a federal enclave that was ceded to the federal government in 1953.  Plaintiff was injured in 2003 during the course of his employment, and filed a workers compensation claim as a result.  Due to his injury, Plaintiff is restricted to an eight hour shift,

rather than the ordinary twelve hour shifts that he had done before his injury.  Plaintiff was

terminated on March 25, 2011.  The reason given for the termination was that Plaintiff had

charged personal expenses on a work credit card.  Plaintiff maintains that this was a pretext, and

that he was actually terminated because of his disability and in retaliation for his having filed a

worker's compensation claim.

## LEGAL STANDARD

Motion to Dismiss.  To survive a motion to dismiss, a complaint must contain sufficient

factual allegations which, if true, "state a claim for relief that is plausible on its face." *Ashcroft

v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  Conclusory allegations of liability, without supporting factual content, are

insufficient.  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly

(not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th

Cir. 2008).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief."

*Iqbal*, 129 S.Ct. at 1950.

Motion to Amend.  Rule 15(a) of the Federal Rules of Civil Procedure governs motions

to amend complaints and states that the court "should freely give leave when justice so requires."

Generally, a court may refuse to grant leave to amend only upon a showing of undue delay,

undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies

by amendments previously allowed, or futility of amendment.  *See Bylin v. Billings*, 568 F.3d

1224, 1229 (10th Cir. 2009).  An amended complaint is futile, and therefore may be denied, if

the amended complaint fails to state a claim.  *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.

1999).  Accordingly, a court will only grant a motion to amend if the proposed amended

complaint sets forth sufficient facts to survive a motion to dismiss.

## DISCUSSION

I.     **Motion to Dismiss State Law Claims**

The Amended Complaint admits that Plaintiff was employed on a federal enclave, and that all of the events in question—with the exception of the actual notice to Plaintiff that he was being fired, and with the possible exception of the decision to terminate Plaintiff—took place on a federal enclave.  The Court finds that the place Plaintiff was informed that he was fired is irrelevant, and that although the actual decision to terminate Plaintiff may have been made elsewhere, "regardless of where the decision not to retain [Plaintiff] was made, the decision reflects Defendants' employment practice on the enclave."  *Powell v. Tessada & Assocs.*, 2005 WL 578103, at *2 (N.D. Cal. Mar. 10, 2005) (not reported); *See also Rosseter v. Industrial Light & Magic*, 2009 WL 210452, at *2 (N.D. Cal. Jan. 27, 2009) (slip copy) (rejecting plaintiff's argument that his claims did not arise on the federal enclave because the "defendant maintains operations outside the enclave"); *Lockhart v. MVM, Inc.*, 97 Cal.Rptr.3d 206, 212 (Ct. App. 2d Dist. 2009) (indicating "place of employment as the significant factor in determining whether the plaintiff's employment claims arose under the federal enclave doctrine"); *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 481 (Ct. App. 2d Dist. 2000) (rejecting plaintiff's argument that his claims did not arise on the enclave because he was on paid suspension and not working on the enclave when he was terminated; explaining that "[a]s the employee of a contractor operating on the enclave, [plaintiff's] claims are governed by the enclave's law, rather than by state law") (citations omitted).  In other words, any claims that Plaintiff asserts with regard to his termination arose by virtue of his employment on the federal enclave.

Plaintiff concedes that his state law claims are based upon New Mexico law that was not

in existence at the time that White Sands Missile Base became a federal enclave.  Therefore this law was not "federalized" pursuant to the federal enclave doctrine, and does not apply to the federal enclave.

As to Plaintiff's argument that the federal enclave doctrine is unconstitutional, Plaintiff acknowledges that his argument is against the weight of precedent, and that this Court likely cannot rule against that precedent.  The Court agrees; if the federal enclave doctrine is to be changed, it is not the place of a district court to institute that change.  Therefore no further discussion is necessary on this point.

Plaintiff makes an additional—and creative—argument that his retaliatory discharge claim under *Michaels v. Anglo Am. Auto Auctions, Inc.*, 869 P.2d 279 (N.M. 1994), should still apply to the federal enclave.  He argues (1) that 40 U.S.C. § 3172 extends state workers' compensation laws to apply on federal enclaves (which is true); (2) that his retaliatory discharge claim qualifies under this statute as a "workers' compensation law"; and therefore (3) that his retaliatory discharge claim applies to employers on federal enclaves.  However, the Court rejects this argument.  *Michaels* establishes the tort of retaliatory discharge, and the tangential relationship with workers' compensation as the particular cause of the retaliation is incidental.  Therefore, the Court does not accept Plaintiff's characterization of the tort of retaliatory discharge as a workers' compensation law, and neither does the Court believe that Plaintiff's characterization was envisioned by Congress when 40 U.S.C. § 3172 was enacted.  Plaintiff has pointed to no authority for his characterization.  Therefore Plaintiff's retaliatory discharge claim under *Michaels* does not apply on the White Sands Missile Base federal enclave.

Because Plaintiff's state law claims do not apply on the applicable federal enclave, he may not assert them against Defendants, and thus the Court must dismiss those claims.

-4-

## II.      Motion to Amend

Plaintiff's Motion to Amend is timely and in response to a motion to dismiss.  Therefore, the Court finds that Plaintiff may amend his Complaint as of right.  Defendant's only objection to the amendment is that allowing the addition of federal claims under the Americans with Disabilities Act ("ADA") would be futile, because Plaintiff has not exhausted his administrative remedies as to that claim.  However, Plaintiff responds with evidence that he has satisfied his administrative remedies, and at this stage in the case the Court holds that allowing claims under the ADA in an amended complaint is not futile.  Therefore, Plaintiff may file an Amended Complaint containing his claims under the ADA.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss Based on Federal Enclave Doctrine is GRANTED, and all of Plaintiff's state law claims are dismissed; nevertheless, Plaintiff's Motion to Amend is GRANTED in part, and Plaintiff is hereby given leave to file an Amended Complaint, containing only his claims premised on federal law, within ten days of the filing of this memorandum opinion and order.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE